## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ALLEN B. GOTTLIEB; and
PHYLLIS J. GOTTLIEB,

    Plaintiffs,

v.

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    Defendant.

Case No. 6:23-cv-1074-PGB-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on Plaintiffs' Motion to Add Exhibits (Dkt. 37), filed September 11, 2023. Plaintiffs state their motion is intended to prove the Court with more information about their experiences with the United States District Court for the Southern District of New York. Dkt. 37 at 1. Plaintiffs attach seven documents to the motion, all of which relate directly to the litigation in the Southern District of New York. *Id.* Exs. 15–21. The motion is due to be denied.

This Court's Local Rules authorize only one filing from litigants for most motions. *See* Local Rule 3.01(a)–(d), (i). A movant may file a motion; an opposing party may file one memorandum in response to a motion. Local Rule 3.01(a)–(b). No party may file a reply to a response without leave of Court

unless the motion seeks summary judgment. Local Rule 3.01(d). Further, after litigants have filed their legal memoranda, additional papers related to a motion are not allowed except notices of supplemental authority, the contents of which are limited by rule. *See* Local Rule 3.01(i).

Plaintiffs' motion seeks to add arguments and documents supporting their response to Defendant's motion to dismiss (Dkt. 32) and their objection (Dkt. 23) to the August 2, 2023 Report and Recommendation recommending transfer to the Southern District of New York. The supplementation is not authorized by the Local Rules. Nor do Plaintiffs show why the arguments and documents could not have been included in their earlier filings.

Additionally, the Local Rule 3.01 Certification is deficient. Plaintiffs' must certify that they conferred with the opposing party before filing the motion. Stating that they "contact attorney for SEC . . . by telephone" and that the attorney "has not opposed" the relief sought is not sufficient. Litigants must certify that they have spoken to the opposing party and discussed the relief sought in the motion. Leaving a voice message is not a good-faith conferral under Local Rule 3.01(g). Plaintiffs are admonished again that they may noy file a motion unless they actually confer with opposing counsel—that is, speak to counsel by telephone or in person about the exact relief requested. Future motions with deficient Local Rule 3.01(g) certification may be denied on that basis alone.

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Add Exhibits (Dkt. 37) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on September 15, 2023.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Counsel of Record

Allen B. Gottlieb and Phyllis J. Gottlieb
9246 Edenshire Circle
Orlando, Florida 32836